BARFIELD, Judge.
The employer appeals the final workers’ compensation order and raises the following five issues: (1) Whether there is competent substantial evidence to support the deputy’s finding that claimant was temporary totally disabled because of a psychological condition; (2) whether the deputy erred in failing to address the issue of an intervening auto accident; (3) whether the deputy erred in ordering payment of the charges of an unauthorized physician on grounds that the employer failed to provide alternative care where requested; (4) whether the deputy erred in excusing the late filing of certain medical reports; and (5) whether the deputy erred in finding claimant’s work search adequate.
There is competent substantial evidence in the record to support the deputy’s findings as to issues 3 and 4 and the order on those matters is affirmed. However, this record does not contain competent substantial evidence to support the deputy’s finding that claimant was temporary totally disabled because of a psychological condition. Because we reverse on this issue, we must necessarily reverse on issues 2 and 5.
Claimant is a 37-year-old woman who was injured on April 30, 1982, while employed as a secretary for Deputy Commissioner Lawrence Langer. She injured her low back while moving boxes and furniture during a relocation of the deputy commissioners’ offices in West Palm Beach. She attempted to work approximately two weeks but was absent on several occasions because of the pain. She resigned at that point and has not worked since. Benefits were paid until March of 1983, when the self-insured employer controverted. Claimant sought temporary compensation benefits for March 3 through March 13, 1983, and March 24, 1983 to the time of hearing on February 17, 1984 and continuing. She also sought benefits for past and future medical care from Dr. Murdock, a chiropractor.
The record does not contain evidence to support the deputy’s conclusion that claimant is temporary totally disabled because of her psychological condition. The claimant did not testify to any psychological problems and made no claims for psychological or psychiatric treatment. Of those physicians who examined and treated claimant, Dr. Sullivan found a psychological overlay to claimant’s condition but found it was not disabling. His testimony, however, was expressly rejected by the deputy. Dr. Murdock found claimant disabled but based that opinion solely on her physical symptoms. Dr. Reynolds did state claimant was anxious and depressed and that those conditions contributed to her pain, but we view this testimony to describe claimant as a fairly typical back injury patient in that regard. The record further indicates that Dr. Reynolds felt that claimant’s psychological problems were controlled by medication.
Since the deputy essentially held that physical problems of the auto accident were “overridden” by claimant’s psychological disability, he found the intervening car accident not a causative factor in her disability.
The deputy found much of claimant’s work search excused because she was temporary totally disabled. Because of our *445 rejection of the deputy’s finding of psychological disability, this issue must also be reconsidered.
The decision of the deputy is AFFIRMED in part and REVERSED in part and REMANDED for reconsideration of quantity and cause for claimant’s disability, if any, consistent with this opinion.
MILLS and JO ANOS, JJ., concur.